## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT PHINNESSEE, JR.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:25-cv-02147-GCS** |
| **ILLINOIS DEPARTMENT OF CORRECTIONS SHAWNEE CORRECTIONAL CENTER, WEXFORD HEALTH SOURCE, INC., DR. L. GENTRY, DARREN GALLOWAY, BRANDON ANTHONY, and CENTURION HEALTHCARE FOR HUMANITY,** | |
| **Defendants.** | |

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Plaintiff Robert Phinnessee, Jr., who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Phinnessee alleges Defendants delayed care for his eye condition in violation of the Eighth Amendment.

---

[1]   Phinnessee was released from IDOC custody on March 19, 2026. (Doc. 11).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

On June 9, 2025, Phinnessee arrived at Shawnee and immediately submitted a request slip to see the optometrist. (Doc. 1, p. 5). Three weeks later, Phinnessee saw Dr. L. Gentry. *Id*. Dr. Gentry informed Phinnessee that he could not do anything for his condition and would have to refer him to a specialist. *Id*. Phinnessee does not explain the nature of his eye condition but notes his vision is deteriorating, and he sees red, blue, or white dots in his vision. *Id*. at p. 6-7. Due to his blurry vision, he suffers from migraine headaches. *Id*. at p. 7.

On August 29, 2025, Phinnessee submitted a request to the healthcare unit inquiring as to the date of his scheduled appointment with the specialist. (Doc. 1, p. 5). Staff responded they could not inform him of the exact date but noted that the appointment was scheduled. *Id*. On August 8, 2025, Phinnessee spoke to Healthcare

---

[2]      The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, the medical providers, and this Court.

Administrator Michele Gentles about his scheduled appointment. She informed him that Dr. Gentry did not label the referral as urgent, but she would inquire about expediting the scheduling. *Id.* at p. 5-6. On August 12, 2025, he wrote a letter to Gentles again inquiring about his appointment because he believed that his eye condition was deteriorating. *Id.* at p. 6. She informed him he was scheduled for an appointment, but she would contact the specialist to see if there were any earlier appointments. *Id.* He later learned his appointment could not be moved up because the specialist was only in the office on Fridays. *Id.* at p. 14.

On October 1, 2025, Phinnessee went to Marion Eye Center for his specialist appointment. (Doc. 1, p. 6). He learned that his condition was worse than initially thought. *Id.* The specialist informed Phinnessee he would need a cornea implant. He also ordered steroid drops for Phinnessee to start taking prior to surgery. *Id.* On October 4, 2025, Phinnessee again saw Dr. Gentry who indicated that he needed to reach out to Marion Eye Center to determine the exact drops ordered by the specialist. *Id.* On October 7, 2025, Phinnessee wrote to mental health due to the anxiety and depression caused by his condition. Phinnessee alleges his anxiety was heightened because he had yet to receive the prescribed steroid drops. *Id.* On October 13, 2025, Phinnessee wrote a request slip to the healthcare unit again inquiring about the status of his eye drops. *Id.* As of the filing of his Complaint in December 2025, Phinnessee alleged he had not received the steroid drops nor had he received any treatment for the headaches caused by his eye condition.

Phinnessee alleges that Dr. Gentry, Warden Darren Galloway, and Warden Brandon Anthony were deliberately indifferent to his deteriorating eye condition by failing to provide him with the steroid droplets that he must take in order to have cornea implant surgery. (Doc. 1, p. 7). He also alleges that Wexford Health Source, Centurion Healthcare, and the State of Illinois have shown deliberate indifference and/or have overseen the actions of the individual defendants. *Id.*

### PRELIMINARY DISMISSALS

Phinnessee identifies Wardens Darren Galloway and Brandon Anthony as defendants, but in his statement of claim he merely alleges that they were deliberately indifferent to his medical needs. To adequately state a claim against a defendant, a plaintiff must allege that each defendant was aware of his need for care and personally involved in the constitutional deprivation. The relevant inquiry is whether defendants "actually knew about the plaintiff's condition, not whether a reasonable official should have known." *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). *See also Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (stating that "[l]iability depends on each defendant's knowledge and actions"). Phinnessee fails to allege that the wardens were aware of his need for care and acted with deliberate indifference to that need. Nor can they be liable for the actions of their staff because the doctrine of *respondeat superior* (or supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). His conclusory statements that they were deliberately indifferent to his medical needs are not sufficient to state a claim. Thus, the claim against Wardens Galloway and Anthony are **DISMISSED without prejudice**.

Phinnessee also alleges that Wexford Health Source, Inc. and Centurion Healthcare were deliberately indifferent to his medical needs. But corporations such as Wexford and Centurion can only be liable if it had a policy or practice that caused the constitutional deprivation. *See, e.g.*, *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Phinnessee fails to point to any policy of the corporations that caused delays in his care. Thus, any claim against Wexford and Centurion is **DISMISSED without prejudice**.

Finally, to the extent Phinnessee attempts to bring claims against the State of Illinois, Illinois Department of Corrections, or Shawnee Correctional Center, none of the entities are "persons" subject to suit under Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Thus, the claims against these entities are **DISMISSED without prejudice**.

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Dr. L. Gentry for delaying Phinnessee's access to his prescribed steroid eye drops and delaying his cornea implant surgery.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

Page **5** of **10**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

To successfully state an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff must plead he suffered from "an objectively serious medical condition" and a "state official was deliberately . . . indifferent" to that condition. *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019). A plaintiff must demonstrate that the defendant's actions were more than negligent, something approaching intentional wrongdoing or criminal recklessness. *See Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). A delay in treatment can also amount to deliberate indifference if the "delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Phinnessee alleges Dr. Gentry failed to provide him with the prescribed steroid drops after the drops were ordered by the specialist. He saw Dr. Gentry after his appointment with the specialist and despite indicating he would check with the specialist, Phinnessee never heard back from Dr. Gentry. He went at least two months without the medication, further delaying his surgery and causing his vision to deteriorate. At this stage, Phinnessee alleges a claim against Dr. Gentry.

---

[3]     This includes any claim for injunctive relief as Phinnessee has been released from prison and is no longer in IDOC custody. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

### MOTION FOR COUNSEL

In addition to his Complaint, Phinnessee filed a motion requesting counsel (Doc. 3). He notes he has difficulty reading due to his eye condition. Although Phinnessee indicates that no attorneys are taking pro bono cases, there is no indication that he has actually attempted to contact any attorneys about his case.

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Because Phinnessee fails to demonstrate that he has made any attempt to contact and obtain counsel on his own, his request for counsel is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Phinnessee to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against Dr. L. Gentry. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Dr. L. Gentry: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Phinnessee. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Phinnessee, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Because Phinnessee's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Phinnessee, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Phinnessee is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 20, 2026.**

Digitally signed by
Judge Sison
Date: 2026.04.20
13:23:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

Page **9** of **10**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**