**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT PHINNESSSEE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-02147-GCS** |
| | ) | |
| **LARS GENRTY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On July 9, 2026, the Court entered an Initial Scheduling Order directing, *inter alia*, Plaintiff to pay the remainder of his initial partial filing fee by September 10, 2026, or to demonstrate that he has no means to pay such amount. (Doc. 24). The Order also warned Plaintiff that the failure to act may result in the dismissal of this case for failure to prosecute. Thereafter, on October 13, 2026, Defendant Gentry filed a motion for summary judgment regarding exhaustion of administrative remedies and the required notice to pro se Plaintiffs. (Doc. 25, 26, 27).[1] As Plaintiff did not respond to the Court's directive in the Initial Scheduling Order, the Court on October 21, 2026, issued a Show Cause Order requiring Plaintiff to show cause in writing, why this action should not be dismissed with for failure to comply with court orders and for failure to prosecute on or before November 12, 2026. (Doc. 28). Again, Plaintiff did not respond.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute

---

[1] The Court notes that Plaintiff failed to respond to Defendant's motion.

or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. PROC. 41(b). In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Plaintiff failed to follow Court Orders by failing to respond to the Court's Show Cause Order dated October 21, 2026, (Doc. 28), and the Court's Order dated July 9, 2026, ordering Plaintiff to pay the remaining filing fee or demonstrate that he has no means to pay that amount (Doc. 24). The Court has 192 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 17, 2026.**

Digitally signed by Judge Sison
Date: 2026.11.17 14:46:19 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**